**Franklin REYES, Petitioner–Appellant,**

v.

**Charles GREINER, Superintendent, Green Haven Correctional Facility, Respondent–Appellee.**

**Docket No. 04–5238–PR.**

United States Court of Appeals, Second Circuit.

Oct. 4, 2005.

Lawrence F. Ruggiero, New York, N.Y., for Petitioner–Appellant.

Emil Bricker, Assistant District Attorney (John M. Castellano, Assistant District Attorney, of counsel), for Richard A. Brown, District Attorney, Queens County, Kew Gardens, N.Y., for Defendant–Appellee.

Present: CALABRESI, KATZMANN, and B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Petitioner–Appellant Franklin Reyes ("Reyes") appeals from the denial of his petition for a writ of habeas corpus. The district court issued a certificate of appealability on Petitioner's claim that the prosecution used peremptory challenges deliberately to exclude prospective Hispanic jurors from the jury in violation of the Equal Protection Clause. *Hernandez v. New York*, 500 U.S. 352, 358–59, 111

S.Ct. 1859, 114 L.Ed.2d 395 (1991); *Batson v. Kentucky,* 476 U.S. 79, 84, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); *Galarza v. Keane,* 252 F.3d 630, 635–36 (2d Cir.2001). We affirm the order of the district court.

We assume the parties' familiarity with the facts, the procedural posture, and the specification of issues on appeal.

Reyes makes two arguments before us. First, he contends that the explanations that the prosecution offered for the strikes at step two of the three-step *Batson* analysis were pretextual, and so the trial court erred in permitting the strikes. In fact, the reasons offered for each of the two contested strikes—that the departure of one juror's husband from the police force under unexplained circumstances gave rise to suspicion that she might not evaluate police testimony objectively, and that another juror's volatile family relationships created doubt as to his suitability—were race-neutral, as required by *Batson* step two, and the trial court's acceptance of these reasons did not represent an unreasonable application of *Batson* step three. *See Jordan v. Lefevre,* 293 F.3d 587, 594–95 (2d Cir.2002).

Second, Reyes argues that the trial court made no credibility findings, either explicit or implicit, as to the prosecutor's race-neutral justifications for the strikes, and thereby failed to complete the third stage of the *Batson* analysis. Whatever its merits as a description of the trial court's rulings to allow the strikes, this argument—which is different from the one that the petitioner raised below—was not raised before the state courts, and is now procedurally barred. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *United States v. Brown,* 352 F.3d 654, 662 (2d Cir.2003).

In powerful dicta, the district court expressed its view that *Batson* challenges should be subject to harmless error review. It would be inappropriate for us to enter into a discussion with the learned judge's analysis of the matter. It is appropriate, though, in the interests of judicial economy, to make clear that this position is contrary to a decision of this court, *Tankleff v. Senkowski,* 135 F.3d 235, 248 (2d Cir.1998). That decision, whatever its merits, remains the law of this circuit unless and until it is reversed by this court en banc or by the United States Supreme Court. *United States v. Wilkerson,* 361 F.3d 717, 732 (2d Cir.2004). While we do not suggest that the district court thought otherwise, we wish to be clear on the matter, lest any other court be confused as to the state of circuit law in this regard.

We have considered all of Reyes's claims and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.